**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona  85718
Telephone:  (520) 792-4800

Mark D. Lammers (AZ # 010335)
mdlammers@rllaz.com
*Attorney for Defendant Jimmie L. Stanton*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>vs.<br><br>Jimmie L. Stanton<br><br>            Defendant. | Case No. 4:16-CR-710-JGZ-LAB<br><br>**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S OPPOSITION TO TESTIMONY OF DEFENSE EXPERT**<br><br>(Assigned to Hon. Jennifer G. Zipps) |

I.  <u>Mr. Wall's expert testimony on the use of "blind mules" by trafficking organizations.</u>

The Government argues that Mr. Wall's testimony should be precluded by Fed. R. Evid. 702 because it is not "helpful, relevant, or otherwise admissible" (page 1 of Plaintiff's Response) based upon its assertion that Mr. Wall lacks cross-border experience with respect to drug trafficking.

Mr. Wall served twenty-one years with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and he has another eight years of combined military and US federal law enforcement experience. He had the opportunity to conduct and participate in hundreds of investigations, many of these focused on the activities of Mexican drug trafficking organizations (DTOs) and transnational criminal organizations (TCOs) that involved the

1

trafficking of drugs, weapons, money and people between Mexico and the United States". (Emphasis added)

Mr. Wall is an expert and his testimony would certainly be helpful to the jury (which, as it is reasonable to assume, does not have any direct knowledge in the subject matter) in understanding the schemes and methodologies employed by cross-border drug traffickers to smuggle narcotics from Mexico into the United States and the use of "blind mules" to transport drugs.

II. Mr. Wall's testimony is admissible because it does not violate Fed. R. Evid. 801

The Government seeks to preclude Mr. Wall's testimony, asserting it would be based upon the Defendant's hearsay statements, in violation of Fed. R. Evid. 801.

Expert witness may rely on facts or data that have not been admitted in evidence, and that may not be admissible, if they formed basis for his opinion and if they are of a type reasonably relied on by experts in the field. *State v. Lundstrom,* 161 Ariz. 141 (Ariz. 1989).

Furthermore, hearsay is admissible under Rule 703 Fed. R. of Evid., which states that an expert may base their opinion on facts or data that the expert has been made aware of or personally observed. If experts in the field would reasonably rely on those kinds of facts or data in forming their opinion, they don't have to be admissible for the option to be admitted. If the facts or data would otherwise be inadmissible, they may be disclosed to the jury if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect. Such information may include hearsay. *Paddack v. David Christensen, Inc*., 745 F.2d 1254 (9th Cir. 1984).

In our case, the information relied on by Mr. Wall along with his training and experience (*i.e*., that the Defendant was an unwitting carrier of the drugs because drug traffickers likely hid the narcotics in Mr. Stanton's trailer) form the necessary basis for his opinion. In fact, the account of the facts as reported serve the very purpose of showing how

2

they correspond to usual schemes employed by Mexican drug traffickers to smuggle drugs into the US using unaware people who cross the border for lawful purposes[1].

III.   Conclusion

For the foregoing reasons, Mr. Wall's testimony is admissible, relevant, and helpful to the trier of fact regarding Mr. Stanton's defense.

Defendant respectfully requests that the Court deny Plaintiff's motion.

DATED this 1st day of May, 2017.

**RUSING LOPEZ & LIZARDI, P.L.L.C.**

By: */s/ Mark D. Lammers*_____
    Mark D. Lammers
    Attorney for Jimmie L. Stanton

---

[1] The Government allegations (Par. 2 of Government's Response) concerning Mr. Wall's statement on SENTRI Pass Holders are not relevant to our case. The Government mischaracterizes Mr. Wall's statement in this regard. In his affidavit, Mr. Wall does not, and never intended to, claim that Defendant had a SENTRI pass. As a matter of fact, Mr. Wall's reference to SENTRI pass holders was just given as an example of the various methodologies employed by drug traffickers to smuggle narcotics into the US territory.

3

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 1st day of May 2017, via Notice of Electronic Filing, generated and transmitted by the ECF system of the District of Arizona, to the following CM/ECF registrants:

Fred A. Cocio, Esq.
Assistant U.S. Attorney
Fred.Cocio@usdoj.gov

Arturo A. Aguilar
Assistant U.S. Attorney
arturo.aguilar@usdoj.gov

/s/ Aneta Wrzeszcz